# UNITED STATES DISTRICT COURT
## IN THE DISTRICT OF MASSACHUSETTS

### CASE No. 1:02-10004-001-WGY

---

MOTION FOR PERMISSION TO FILE AMENDED AND SUPPLEMENTAL PLEADING
TO PETITIONER'S MOTION 28 U.S.C.A. § 2255 PURSUANT RULE 15 OF
FED. R. OF CIV. P. IN LIGHT OF NEW SUPREME COURT IN
BLAKELY V. WASHINGTON; BOOKER v. U.S. & FANFAN v. U.S.

---

## JAMIE ROLAND GARCIA-ROMERO
### DEFENDANT
### Pro Se

## VS.

## UNITED STATES OF AMERICA
## PLAINTIFF

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................. PG. 1

TABLE OF CITATIONS ................................ PG. 2

JURISDICTION  ..................................... PG.3

BACKGROUND ........................................ PG.4

STATEMENT OF FACT ................................. PG.5

STATEMENT OF LAW .................................. PG.7

GROUND ARGUMENTS .................................. PG.9-20

CONCLUSION ........................................ PG.21

CERTIFICATE OF SERVICE ............................ PG. 22

# TABLE OF AUTHORITIES

Wright v. U.S. ................................................ Pg.3

Virgin Island v. Morales, D.C. Virgin Island ................... Pg.3

U.S. v. Capua ................................................ Pg.3

Blakely v. U.S. .............................................. Pg.5,7

FanFan v. U.S. ............................................... Pg.5,7,20

Haynes v. Kerner ............................................. Pg.5

Blakely v. Washington ........................................ Pg.5,,7,20

Apprendi ..................................................... Pg.6,20

Booker v. U.S. ............................................... Pg.7,8

Apprendi v. N.J. ............................................. Pg.7

Griffith v. Kentucky ......................................... Pg.8

Almendarez-Torres v. U.S. .................................... Pg.9,12,17,20

Blockburger v. U.S. .......................................... Pg.9

Whalen v. U.S. ............................................... Pg.10

Trainmen v. Baltimore ........................................ Pg.13

INS v. National Center For Immigrations' Rights, Inc. ........ Pg.13

Spencer v. Texas ............................................. Pg.14,18

Old Chief v. U.S. ............................................ Pg.15

U.S. v. Forbes ............................................... Pg.15

U.S. v. Rumney ............................................... Pg.15

U.S. v. Brewer ............................................... Pg.15

U.S. v. Jackson .............................................. Pg.15

Government Of Virgin Island v. Castillo ...................... Pg.15

U.S.v. Jin Fuey Moy .......................................... Pg.17

Mullaney v. Wilbur ........................................... Pg.17

Massey v. U.S. ............................................... Pg.18

Singer v. U.S. ............................................... Pg.18

People v. Sickles ............................................ Pg.18

U.S. v. Thornne .............................................. Pg.19

McMillan ..................................................... Pg.19

Walton v. Arizona ............................................ Pg.19

Graham v. U.S. ............................................... Pg.19

New Apprendi ................................................. Pg.20

1

# TABLE OF CITATIONS

8 U.S.C. § 1326 .............................................. Pg.7,9,15,20

18 U.S.C. § 113 .............................................. Pg.10

18 U.S.C. § 2113,1111,1112, 2241,2242 ......................... Pg.10

Immigration Act 1990 ......................................... Pg.12

8 U.S.C. § 1282 .............................................. Pg.12

3 U.S.C. § 1325 § 1327 §543(b)(5) ............................ Pg.13

8. U.S.C. § 1328 ............................................. Pg.13

21 U.S.C. §§ 841(b)(1)(B) and (D) ............................ Pg.15

IIRIRA ....................................................... Pg.16,17

AEDPA (1996) ................................................. Pg.16

2

# JURISDICTION

Petitioner aver's that although he is incarcerated in New Mexico, however, jurisdiction lies with the original Court in the United States District Court of Massachusetts.

This Court retain jurisdiction due to being the sentencing Court. See <u>Wright v. U.S. Ed of parole, 557 F. 2d 74 C.A. 6</u> also See <u>Virgin Island v. Morales, D.C. Virgin Island 1972, 251 F. Supp, 123</u>

In addition, this Court has jurisdiction of the constitutional issue relating to his constitutional right, See <u>U.S. v. Capua, C.A. 8(Mo.) 1970, 428 F.2d 585.</u>

3

## BACKGROUND

Petitioner Jamie Roland Garcia-Romero is a native of Mexico. He was convicted and sentenced on October 21, 2002, to 57 months imprisonment in violation of 8 u.s.c. § 1326, illegal entry into United States by an alien after conviction of felony and deportation. He is currently incarcerated at the Cibola County Corrections Institution in Milan New Mexico.

Petitioner has no education in the United States. However, he does have some education in Mexico were he was born. Therefore, he cannot speak or understand any English.

4

# STATEMENT OF LAW

COMES NOW, Jamie Roland Garcia-Romero is the Petitioner herein acting Pro Se, in filing this motion to correct indictment based on the supreme Court's new ruling in Blakely v. U.S. and FanFan v. U.S. on January 12, 2005. At this time petitioner would like to invoke the United States Supreme Court's decision on Haynes v. Kerner, 404 U.S. 30 L.E.D. 2d. 519 (1975). Wherein the Court held that allegations of a Pro Se complaint must be held to less stringent standards than formal pleading drafted by a lawyer. Petitioner therefore, respectfully request this honorable Court to construct this motion liberally for benefit of this Court, as well as in the best interest of justice.

In light of the Supreme Court's ruling on January 12, 2005 in Booker, FanFan and Blakely v. Washington all charges on an indictment which is used to enhanced a sentence, must be proven to a jury beyond a reasonable doubt. In the instant case, Petitioner was charged with illegal re-entry under Title 8 u.s.c. 1326. Petitioner was arraigned on October 21, 2002. The magistrate informed Petitioner the said charge carries a maximum of two years imprisonment. This charge was presented to the grand jury.

The government then attached a notice of penalty enhance to petitioner's indictment. At the time of sentencing, the Court pronounced its sentence relying on a pre-sentence investigation report (PSR) which applied a sixteen level enhancement. In light of BLAKELY, the Court found that there is an APPRENDI exception for any recidivist fact, a fact regarding prior conviction; but apart from that exception, whenever a guideline scheme assigns to a Judge the authority to enhance a sentence only upon finding some additional fact, then according to this decision a reasonable doubt. If not, all the following guideline enhancements that increases the base offense level in the current Federal Sentencing Scheme are unconstitutional; aggravated role, official victim, drug amount. loss amount, etc...

In the instant case, Petitioner was enhanced sixteen levels, due to an aggravated role in prior offense. The base level for illegal Re-Entry is 8, with prior conviction, and supervised release violation taken into account, Petitioner was placed in category IV, which would add up to 10 to 16 months. Nevertheless, Petitioner was sentenced to 57 months due to the 16 levels enhancement.

6

## STATEMENT OF FACT

In light of the Supreme Court's new ruling on January 12, 2005 in <u>Booker, FanFan and Blakely v. Washington</u> all charges on an indictment which is used to enhanced a sentence, must be proven to a jury beyond a reasonable doubt. In the instant case, Petitioner was charged with Illegal Re-Entry in violation of 8 U.S.C. § 1326. He was sentenced to 57 months.

Consequently, in Petitioner's case, the Court has sentenced him unfairly and unconstitutionaly in light of the new Supreme ruling. In this case the Petitioner only admitted to Illegal Re-Entry. In <u>U.S. v. Booker</u> and <u>U.S. v. Duncan FanFan</u> which were recently decided on January 12, 2005. The first question that the government has presented in these cases is the following: "Whether the Six Amendment is violated by the imposition of an enhanced sentenced under the United States sentencing guidelines based on the sentencing Judge's determination of a fact (other than a prior conviction) that was not found by the jury. The Court, in an opinion by Justice Stevens, answer this question in the affirmative." Applying its decision in <u>Appredi v. N.J.,530 u.s. 466 (2000)</u>, and <u>Blakely v. Washington 542 u.s. (2004)</u>, to the Federal Sentencing guidelines, the Court holds that, in the circumstances mentioned, the Six Amendment requires juries not Judges, to find facts relevant to

7

sentencing.. All Justices have agreed that the enhancements and the U.S.S.G. are unconstitutional and they violated the Petitioner Sixth Amendment's right.

As this disposition indicate, today's Sixth Amendment holding and the remedial interpretation of sentencing act must be applied to all case on direct review see Griffith v. Kentucky 479 U.S. 314, 328.

In the instant case, the Petitioner was fund to be enhanced an additional 16 levels of the Sentencing Guidelines, and under the consideration of the case U.S. v. Booker which would be at level 8 instead of level 21, in which will gives the appropriate sentence of 10-16 months in criminal category IV of the guidelines.

8

# GROUND ARGUMENTS

The Supreme Court in <u>Almendarez-Torres v. U.S. 118 S. Ct. 1218, 523 U.S. 224.</u> Held that his prior felony or (aggravated felony) in 8 U.S.C. § 1326(b)(1) and (b)(2) are simply sentencing enhancements, even if he only plead guilty to the nonaggravated offense under 1326(b)(1) or simply Re-Entry under (a) that is the plea that does not limit the maximum penalty of two years. The Ninth Circuit has held that after <u>Almendarez-Torres</u>, the judgement is a deported alien case should refer only to 1326(a) and not (b). In subsection(a) says that "any alien" once "deported," who reappears in the United [523 U.S. 231] States without appropriate permission, shall be fined or "imprisoned nor more than 2 years." Subsection(b) says that "any alien described in "subsection(a), "whose deportation was subsequent to a conviction" for a major, crime, may be subject to a much longer prison term. Notice that statue includes the words "subject to subsection(b)" at the beginning of subsection(a), and the words "[n]otwithstanding subsection(b). If Congress intended subsection(b) to set forth substantive crimes, in respect to which subsection(a) would define a lesser included offense, see <u>Blockburger v. U.S., 284 U.S. 299, 304, 52 S.Ct, 182, 76 L.Ed.306(1932)</u>, what are those words doing there? I believe that the words mean that the substantive crime defined by

"subsection(a) is inapplicable to an alien covered by subsection(b), "post, at 1241, hence the words represent an effort to say that a defendant cannot be punished for both substantive crimes. But that is not what the words say. Nor has Congress ever (to my knowledge) used these or similar words anywhere else in the federal criminal code for such a purpose. See, e.g., 18 U.S.C. § 113 (aggravated and simple assault); §§ 1111, 1112 (murder and manslaughter); §2113 (bank robbery and incidental crimes); §§ 2241, 2242 (aggravated and simple sexual abuse). And this should come as no surprise since, for at least 60 years, the federal courts have presumed that Congress dose not intend for a defendant to be cumulatively punished for two crimes where one crime is a lesser included offense of the other. See Whalen v. U.S. 445 U.S. 684, 691-693, 100 S.Ct. 1432, 1437-1438, 63 L.Ed. 2d 715(1980); Blockburger, supra.

If, however, Congress intended subsection(b) to provide additional penalties, the mystery disappears. The words "subject to subsection(b)" and "[n]otwithstanding subsection(a)" then are neither obscure nor pointless. They say, without obscurity, that the crime set forth in subsection(a), which both defines a crime and sets forth a penalty, is "subject [523 U.S. 332] to "subsection(b)'s different penalties (where the alien is also a felon or aggravated felon). And (b)'s higher maximum penalties may apply to an offender who violates(a) "notwithstanding" the fact that (a) sets forth a lesser penalty for one who has committed the same substantive crime. Nor is pointless to

specify that (b)'s punishments, not (a)'s punishment, apply whenever an offender commits (a)'s offense in a manner set forth by (b).

Moreover, the circumstances of subsection (b)'s adoption support this reading of the statutory text. Lest examine language does not help petitioner. In 1998, the statute read as follows (with the 1998 amendment understood):

"§ 1326. Reentry of deported alien; criminal penalties for reentry of certain deported aliens.

"(a) Subject to subsection (b) of this section, any alien who--

"(1) has been ... deported ..., and thereafter

"(2) enters ... or is at any time found in, the U.S. [without the Attorney General's consent or the legal equivalent]. "shall be guilty of a felony, and upon conviction thereof, be punished by imprisonment of not more than two years, or by a fine of not more than $1,000, or both.

"(b) Notwithstanding subsection (a) of this section, in case of any alien described in such subsection--

"(1) whose deportation was subsequent a conviction for commission of a felony (other than an aggravated felony), such alien shall be fined under title 18, imprisoned not more than 5 years, or both; or

"(2) whose deportation was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such title, imprisoned not more than 15 years, or both" 8 U.S.C. § 1326(1998 ed.) [523 U.S. 233] Thus, at the time of the

amendment, the operative language of subsection (a)'s ordinary reentering-alien provision said that a reentering alien "shall be guilty of a felony, and upon conviction thereof, be punished by imprisonment of not more than two years, or by a fine of not more than $1,000." The 1988 amendment, subsection(b), by way of contrast, referred only to punishment-an increased punishment for the felon, or the aggravated felon, whom subsection(a0 has "described." Although one could read the language, any alien described in [subsection(a)], "standing alone, as importing subsection(a)'s elements into new offenses defined in subsection(b), that reading seems both unusual and awkward when taken in context, for the reasons just given. Linguistically speaking, it seems more likely that Congress simply meant to "describe" an alien who, in the words of the 1998 statute, was "guilty of a felony" defined in subsection(a) and "convict[ed] thereof."

As the dissent points out in <u>Almendarez-Torres</u> case, post at 1241, Congress later struck from subsection(a) the words just quoted, and added in their place the words, "shall be fined under title 18, or imprisoned not more than two years." See <u>Immigration Act of 1990(1990 Act)</u>, § 543(b)(3), 104 Stat. 5039. But this amendment was one of a series in the 1990 Act that uniformly updated and simplified the phrasing of various, disparate civil and criminal penalty provisions in the INS Act. See, e.g. <u>1990 Act</u>, §543(b)(1)(amanding  8  U.S.C.  §  1282(c);  § 543(b)(2)(c)(amending  8  U.S.C.  §1325);  §543(b)(4)(amending  8

U.S.C. § 1327); § 543(b)(5)(amending 8 U.S.C. § 1328). The section of the Act that contained the amendment is titled "Increase in the Fine Levels; Authority of the INS to collect Fines," and the relevant subsection, simply "Criminal Fine Levels." See 1990 Act, § 543(b), 104 Stat. 5057, 5059. Although the 1990 amendment did have the effect of making the penalty provision in subsection(a)(which had remained unchanged since 1952) parallel with its counterparts in later enacted subsection(b), [523 U.S. 234] neither the amendment's language, nor the legislative history of the 1990 Act, suggests that in this housekeeping measure. Congress intended to change, or to clarify, the fundamental relationship between the two subsections.

Petitioner also note that "the title of a statute and the heading of a section" are tools available for the resolution of a doubt" about the meaning of a statute. Trainmen v. Baltimore & Ohio R. Co., 331 U.S. 519, 528-529, 67 S,Ct. 1387, 1391-92 L.Ed. 1646 (1947); see also INS v. National Center for Immigrations' Rights, Inc., 502 U.S. 183, 189, 112 S.Ct. 551, 555056, 116 L.Ed. 2d 546(1991). The title of the 1988 amendment is "Criminal penalties for reentry of certain deported aliens." § 7354, 102 Stat. 4471 (emphasis added). A title that contains the word "penalties" more often, but certainly not always, see post, at 1242, signals a provision that deals with penalties for a substantive crime.

In this instance the amendment's title dose not reflect

careless, or mistaken, drafting, for the title is reinforced by a legislative history that speaks about, and only about, the creation of new penalties. See S.973. 100th Cong., 1St Sess. (1987), 133 Cong. Rec. 8771 (1987)(original bill tiled, "A bill to provide for additional criminal penalties for deported aliens who reenter the Untied States, and for other purpose"); 134 Cong. Rec. 27429 (1998) (section-by-section analysis referring to Senate bill as increasing penalties for unlawful reentry); id., at 27445 (Remarks of Sen, D'Amato)(law would "impose stiff penalties" against deported aliens previously convicted of drug offenses); 133 Cong. Rec. 28840-41 (1987)(remarks of Rep. Smith)(corresponding House bill creates three-tier penalty structure). The history, to my knowledge, contain no language at all that indicates Congress intended to create a new substantive crime.

Here, the contrary interpretation a substantive criminal offense-risks unfairness. If subsection (b)(2) sets forth a separate crime, the Government would be required to [523 U.S. 235] prove to the jury that the defendant was previously deported "subsequent to a conviction for commission of an aggravated felony." As the Court has long recognized, the introduction of evidence of a defendant's prior crimes risks significant prejudice. See, e.g., Spencer v. Texas, 385 U.S. 554, 560, 87 S.Ct. 648, 651-52, 17 L.Ed. 2d 606 (1967)(evidence of prior crimes "is generally recognized to have potentiality for prejudice"). Even if a defendant's stipulation were to keep the

name and details of the previous offense from the jury, see _Old_
_Chief v. United States 519 U.S. 172, 178-79, 117 S.Ct. 644, 649,_
_136 L.Ed.2d 574 (1997)_, jurors would still learn, from the
indictment, the judge, or the prosecutor, that the defendant had
committed an aggravated felony.    And, as we said last Term,
"there can be no question that evidence of the...nature of the
prior offense,"here, that it was "aggravated" or serious,
"carries a risk of unfair prejudice to the defendant." Id., at
185, 117 S.Ct., at 652.    Like several lower courts, do not
believe, other things being equal, that Congress would have
wanted to create this kind of unfairness in respect to facts that
are almost never contested. See, e.g. _U.S. v. Forbes, 16 F.3d,_
_at 1298-1300_; _U.S. v. Rumney, 867 F.2d 714-719(C.A.I.1989)_; _U.S._
_v. Brewer, 853 F.2d 1319, 1324-1325(C.A.6 1988)_; _U.S. v. Jackson_
_824 F.2d, at 25-26_; _Government of Virgin Islands v. Castillo, 550_
_F.2d 850, 854(C.A.3 1997)_.

     Furthermore, we must also consider several additional
arguments that have been or might be made for a contrary
interpretation of the statue.  First, one might try to derive a
congressional intent to establish a separate crime from the
magnitude of the increase in the maximum authorized sentence.
The magnitude of the change that Congress made in 1998, however,
proves little.    That change-from a 2 year maximum to 5 and 15
year maximums is well within the range [523 U.S. 236] set forth
in other statutes that the lower courts have generally
interpreted as providing for sentencing enhancements. Compare _8_
_U.S.C. § 1326(1988 ed)_. with _21 U.S.C. §§ 841(b)(1)(B) and (D)_

(distributing less than 50 kilograms of marijuana, maximum 5 years; distributing 100 or more kilograms of marijuana, 5 to 40 years), §§ 841(b)(1)A) and (C) (distributing less than 100 grams of heroin, maximum 20 years; distributing 1 kilogram or more of heroin, maximum of life imprisonment), § 841(b)(1)(B) (distributing 500 grams or more of cocaine, 5 to 40 years; same, with prior drug felony conviction, 10 years to life); § 962 (doubling maximum term for second and subsequent violations of drug importation laws); 18 U.S.C. § 844 (using or carrying explosive device during commission of felony, maximum 10 years; subsequent offense, maximum 20 years); § 2241(c)(sexual abuse of children, maximum life; second offense, mandatory life); § 2320(a)(trafficking in counterfeit goods, maximum 10 years; subsequent offense, maximum 20 years). Congress later amended the statute, increasing the maximum to 10 and to 20 years, respectively. Violent Crime Control and Law Enforcement Act of 1994, §§ 130001(b)(1)(B) and (b)(2), 108 Stat. 2023. But nothing suggests that, in doing so, Congress intended to transform that statute's basic nature. And the later limits are close to the range suggested by other statutes regardless.

Secondly, petitioner point in part, to statutory language that did not exist when petitioner was convicted in 1995. Petitioner, for example, points out that in 1996, Congress added two new subsections, (b)(3) and (b)(4), which, petitioner says, created new substantive crimes. See Antiterrorism and Effective Death Penalty Act of 1996, § 401(c), 110 Stat. 1267 )adding subsection (b)(3); Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), § 305(b), 110 Stat. 3009-606

to 3009-607 (adding subsection (b)(4). In Almendarez-Torres case bothe him and the dissent also refer to another 1996 statutory provision in which Congress used [523 U.S. 237] the word "offense" to refer to the subsection now before us. See IIRIRA § 334, 110 Stat. 3009-635.

Therefore, regardless, it is not obvious that the two new subsections to which petitioner points create new crime (a matter on which we express no view) nor, in adding them, did Congress do more leave the legal question here at, issue where it found it. The fact that Congress used a technical, crime-suggesting word-"offense"-eight years later in a different, and minor, statutory provision proves nothing-not least because it is more than offset by different words in the same later statute that suggest with greater force the exact opposite, namely, the precise interpretation of the relation of subsection(b) to subsection(a) that we adopt. See **IRRIRA**. § 321(c), 110 Stat. 3009-628 (stating that a new definition of "aggravated felony" applies "under" subsection(b) "only to violations" of subsection(a). Thus, Petitioner argue that the doctrine of "constitutional doubt" requires to interpret subsection(b)(2) as setting forth a separate crime. As Justice Holmes said long ago: " A statute must be construed, if fairly possible, so as to avoid not only the conclusion that it is unconstitutional but also grave doubts upon that score." United [523 U.S. 238] States v. Jin Fuey Moy, 241 U.S. 394, 401, 36 S.Ct. 658, 659, 60 L.Ed. 1061 (1916). In Mullaney v. Wilbur, 421 U.S. 684, 95 S.Ct. 1881. 44

17

L.Ed.2d 508 (1975), provides petitioner with stronger support. The Court there struck down a state homicide statute under which the State presumed that all homicides were committed with "malice," punishable by life imprisonment, unless the defendant proved that he had acted in the heat of passion. Id., at 688, 95 S.Ct., at 1884. The Court wrote that "if Winship were limited to these facts that constitute a crime as defined by state law, a State could undermine many of the interests that decision sought to protect" just by redefining "the elements that constitut[ed] different crimes, characterizing them as factors that bear solely on the extent of punishment." Id., at 698 95 S.Ct., at 1889. It simultaneously held that the prosecution must establish "beyond a reasonable doubt" the nonexistence of "heat of passion" the fact that, under the State's statutory scheme, distinguished a homicide punishable by a life sentence from a homicide punishable by a maximum of 20 years. Id.,at 704, 95 S. Ct., at 1892. Read literally, this language, we concede, suggests that Congress cannot permit judges to increase a sentence in light of recidivism, or any other factor, not set forth in an indictment and proved to a jury beyond a reasonable doubt.

Here Petitioner makes two basic additional arguments. First Petitioner points to what what he calls a different "tradition" that of courts having treated recidivism as an element of the related crime. See, e.g. Massey v. U.S. 281 F.293, 297-298(C.A.1922); Singer v. U.S., 278 F. 425, 420 (C.A.3 1922); People v. Sickles 156 N.Y. 541, 51 N.E. 288, 289(N.Y.1898); such tradition is not uniform. See Spencer v. Texas, 385 U.S., at 566, 87 S.Ct., at 654-55 ("The method for determining prior

convictions varies...between jurisdictions affording a jury trail on this issue...and those leaving that question to the court"): Note, Recidivist Procedures, 40 N.Y.U.L. Rev. 332, 347 (1965)(as of 1965, eight States' recidivism statutes provide for determination of prior convictions by judge, not jury). Nor does it appear, modern. Compare State v. Thornne, 129 Wash. 2d [523 U.S. 247] 736, 776-784, 921 P.2d 514, 533-38(1996).

Petitioner also argues, in essence, that this Court should simply adopt a rule that any significant increase in a statutory maximum sentence would trigger a constitutional "elements" requirement. Petitioner believe the Constitution, as interpreted in McMillan and earlier cases, does not impose that requirement, that such a rule would seem anomalous in light of existing case law that permits a judge, rather than a jury, to determine the existence of factors that can make a defendant eligible for a punishment far more severe than that faced by petitioner here. See Walton v. Arizona, 497 U.S. 639, 647, 110 S.Ct. 3047, 3053-3054, 111 L.Ed.2d 511 (1990) (rejecting capital defendant's argument that every finding of fact underlying death sentence must be made by a jury). Petitioner find it dificult to reconcile any such rule whit his precedent holding that the sentenced related circumstances of recidivism are not part of the definition of the offense for double jeopardy purposes Graham, 224 U.S., at 623-624, 32 S.Ct., 585-586.

In case of Hugo Roman Almendarez-Torres illegally re-entered the United States after having been convicted of an aggravated felony, he was subject to a maximum possible sentence of 20

year's imprisonment. See 8 U.S.C.§ 1326(b)(2). Had he not been convicted of that felony, he would have been subject to a maximum of only two years. See 8 U.S.C. § 1326(a). The Court today holds that § 1326(b)(2) does not set forth a separate offense, and that conviction of a prior felony is merely a sentencing enhancement for the offense set forth in § 1326(a). This causes the Court to confront the difficult question whether the Constitution requires a fact which substantially increases the maximum permissible punishment for a crime to be treated as an element of that crime--to be charged in the indictment, and found beyond a reasonable doubt by a jury. Until the Court said so, it was far from obvious that the answer to this question was no; on the basis of our prior law, in fact, the answer was considerably doubtful.

In Apprendi the supreme court held that except for the facts of a prior conviction-any fact that increase and found by the jury beyond a reasonable doubt. In a concurring opinion Justice Thomas said that he was in "ERROR" in voting with the 5-4 majority in Almendarez-Torres and the New Aprendi majority said it was "Arguable" that Almendarez-Torres case, the circuits have uniformly held that it was not overruled by Aprendi and remains good law until the Supreme Court changes it. Despite what had happened in the pass, however, in the petitioner's case that change has arrived in Washington v. Blakely (2004) see also U.S. v. Booker 543 and U.S. v. Duncan FanFan recently decided on January 12, 2005.

# CONCLUSION

For the reasons set forth above, the Petitioner respectfully request the court to consider the enhancements applied to the Petitioner and modify the sentence to best fit the proper statutory requirement under the advisory if the characteristics of the Petitioner and under the Guidelines set forth.

Therefore in contrast to the provisions involved in these cases, 8 U.S.C. § 1326 does not, on its face, place the constitutional issue before us: It does not say that subsection (b)(2) is merely a sentencing enhancement. The text of the statute supports, if it does not indeed demand, the conclusion that subsection (b)(2) is a separate offense that includes the violation described in subsection (a) but adds the additional element of prior felony conviction. Petitioner, therefore do not reach the difficult constitutional issue in this case because he adopt, as he think he require, illegal reentry after conviction of an aggravated felony ( § 1326(b)(2) are separate criminal offenses. Prior conviction of an aggravated felony being an element of the latter offense, it must be charged in the indictment. Since it was not, petitioner's sentence must be set aside.

Respectfully Submitted:

_Janie Green_    21

# CERTIFICATE OF SERVICE

I, Jamie Roland Garcia-Romero, hereby certified that I served a truly copy of the forgoing motion to file Amended and supplemental pleading top motion 28 u.s.c.a.§2255 pursuant rule 15 of Red. R. of civ. P.   For the interest of both parties petitioner send a true copy by First Class certified with returned receipt mail of CCA, CCC Cibola County Milan, NM's mail room on the 03-24-05 to the following address:

Tony Anastas, District Clerk

John Joseph Moakley  Courthouse

1 Courthouse Way, Suite 2300

Boston, MA 02210

SUBSCRIBED AND SWORN TO BEFORE ME ON THIS DAY 25th OF March, 2005

STATE OF <u>NEW MEXICO</u> COUNTY OF <u>CIBOLA</u>

Vanessa Sanchez

NOTARY

February 11, 2009

COMMISSION EXPIRES